DISTRICT TOWNSHIP OF ALGONA v. DISTRICT TOWNSHIP OF LOTT'S CREEK.

1. **Equitable Jurisdiction**: REVIEW OF AWARD OF ARBITRATORS: SCHOOL DISTRICTS.  The Circuit Court as a court of equity has jurisdiction of an action to set aside an award made by arbitrators chosen under section 1715 of the Code, to make a division of assets between two district townships.

2. ——: ——: ——.  The petition having alleged, among other errors committed by the arbitrators, a mistake in computation of the amount of the award, it was held sufficient, in default of an answer, to authorize the setting aside of the award and a re-submission of the matters in dispute to other arbitrators.

*Appeal from Kossuth Circuit Court.*

THURSDAY, JUNE 24.

THE plaintiff and defendant are corporations duly organized.   Prior to the 6th day of June, 1873, the territory now known as Lott's Creek was a part of and included in the district township of Algona for school purposes.   On the 6th day of June, 1873, said territory was, by an order of the board of supervisors of Kossuth county, set off, and subsequently organized as Lott's Creek township.   Thereupon a settlement between the district townships of Algona and Lott's Creek became necessary, and the said townships failing to agree the matter was, in June, 1878, left to arbitrators. The arbitrators found that there was due the plaintiff $429.20.

On the 22d day of November, 1878, the plaintiff brought this action in equity to set aside the award, alleging that the

arbitrators made gross errors and exhibited partiality, and that upon a fair division of assets, upon a proper basis, there would be found due the plaintiff $2,600. The petition further alleges that upon the basis of division adopted by the arbitrators there is due the plaintiff $434.20, and that by a gross error in making the computation the arbitrators gave to plaintiff only $424.20. To the petition the defendant demurred upon the ground that the court has no jurisdiction of the subject-matter of the action, and that the facts stated do not entitle the plaintiff to the relief demanded. The court thereupon adjudged that the award be set aside and that the matters embraced in the submission be re-submitted to arbitrators named to make an equitable division of the assets and liabilities between the plaintiff and the defendant, as authorized to do under the submission to arbitrators. The defendant appeals.

*Jones & Hudson* and *Pitt & Cravath,* for appellant.

*George E. Clark,* for the appellee.

DAY, J.—The abstract embraces, and properly submits for our determination, two questions only: *First.* Has the Circuit Court jurisdiction to set aside the award? *Second.* Do the facts alleged in the petition justify the action of the court in setting aside the award?

I. Section 1715 of the Code provides: "The respective boards of directors shall immediately after such organization make an equitable division of the then existing assets and liabilities between the old and new districts; and in case of a failure to agree, the matter may be decided by arbitrators chosen by the parties in interest." It is urged by the appellant that the remedy of the plaintiff is by appeal to the county superintendent under the provisions of section 1829 of the Code, and from him to the superintendent of public instruction,

1. EQUITABLE jurisdiction: review of award of arbitrators: school district.

under section 1835, and that the Circuit Court has no juris-diction to set aside the award. Section 1829 of the Code applies only to the case of a person aggrieved by a decision or order of the district board of directors; it has no refer-ence to an appeal from an award of arbitrators. Unless a court of equity can entertain jurisdiction to set aside an award made under the provisions of section 1715, there is no mode in which relief can be obtained against an award, how-ever erroneous or fraudulent it may be. In Morse on Arbi-tration and Awards, page 321, it is said: "Relief against an award will be granted in equity, if a plain error in law or fact be specifically set forth and proved. An award will be set aside for a mistake palpable upon its face; or for a plain mistake in the law upon some material point; or for a mis-take in fact such as the arbitrator would himself admit, *e. g.* a miscalculation; or for a palpable mistake which is extremely prejudicial to the losing party; for a very gross and manifest mistake." And on page 322 it is said: "A report of referees may be set aside either for an evident mistake in a matter of fact, or for an obvious error in matters of law." See also *Sullivan v. Frink & Co.,* 3 Iowa, 66. We are of opinion that the Circuit Court has jurisdiction in a proper case to set aside an award made under the section of the Code under consideration.

II.   Do the facts alleged in the petition justify the setting aside of the award? The petition amongst other things alleges that the arbitrators by a gross error in making the computation awarded the plaintiff only $424.20, when, under the basis of settlement adopted by the arbitrators, the plaintiff was entitled to $434.20. The abstract does not show upon what the court proceeded in setting aside the award. It is apparent, however, under the authorities cited, that the alleged error in computation, which the demurrer admits, fully justifies the action of the court.

Counsel for the appellant have discussed to some extent the question as to the basis upon which the arbitrators should

proceed to make a division of the assets. The most that we can say upon this branch of the case is that the division must be made in an equitable manner, all the circumstances surrounding the respective districts being considered. The arbitrators should not be required to make the division solely upon the valuation of the property nor the number of scholars in the respective districts, but they should consider both these matters, as well as the number of the school houses erected, and the wants of the respective districts.

AFFIRMED.